Good morning and may it please the court, Elizabeth Newman for Mr. Kotun. Your honors, I'd like to begin with the court's response to jury note number three. And the defect, excuse me, in the court's response to note three is that it allowed the jury to convict Mr. Kotun without requiring the jury to find that Ms. Sanjen yielded the money because of the things that Mr. Kotun did made her afraid to resist. And that was defective, your honors, because the essence of bank robbery is that a person gives you money out of fear. We know that that's the essence of bank robbery from this court's case from the 1980s in Burns, which was a robbery in Indian Territory case. I'm Arnold Schwarzenegger and I think I'm the terminator and I'm not afraid and I just give you the money because there's nothing better to do. There's no robbery? No, your honor. Being a hero doesn't make it no robbery. What has to happen, if you look at the importing in from the intimidation prong of the bank robbery statute, is that a reasonable, that an ordinary person has to have a reasonable inference that resistance or defiance will be met with force. And that's, if you import that into the force and violence aspect of it or into specifically the court's response to jury note number three, then the things that Mr. Kotun did have to have made an ordinary person in Ms. Sanjan's position, and I'm sorry, you're right, I should have been a little bit more clear in my opening here, an ordinary person in Ms. Sanjan's position should have had, the jury should have had to find that an ordinary person in her position had a reasonable fear that the things he did made her afraid to resist. So in your argument, it doesn't make any difference whether she was in on it or not? No, it does, your honor, because it also... An ordinary person. Right, an ordinary person who's not connected to the conspiracy, obviously, because if the essence of it, if the essence of bank robbery is that you're afraid to resist and that if you weren't afraid to resist, you would retain possession, control... But the essence of bank robbery was force and violence. No, the, well, that's part of the essence of bank robbery, certainly, your honor. It's got to be force and violence or intimidation that achieves the taking. But when you look at how that statute has been interpreted, starting with Burns, which was a 2021-11 case, not a 21-13 case like this, but it's the same language, and that language has also been used in all of the carjacking cases under... Carjacking is completely different in terms of the state of mind that's required. Sure. But here, as far as I read the facts, there was force and there was resistance. There was force and there was resistance, but when you look at the question, if there's force and... The jury's question, if there's force and violence between co-conspirators during the, an incident at the bank, does that meet the requirements of bank robbery? The reason that it does not meet the requirements of bank robbery categorically is that the law presumes, looking at Burns, that... And looking at the intimidation statute, the intimidation prong and how that's been construed, the law presumes that an ordinary person who's not connected to the conspiracy, who's not an accomplice, who's only pretending to resist and pretending to feel fear, would actually feel fear and would actually feel that resistance or defiance would be met with force. Now, resistance and defiance, when you look at that language, which I'm quoting from the Seventh Circuit's intimidation case, U.S. v. Gordon, when you look at intimidation, I'm sorry, resistance or defiance, that gives a context to what resistance means. It's not just physical resistance, like arguing over a bag of money, tugging it once or twice back and forth, but defiance of the bank robber's actual wish to take that money out of the person's control, possession, inspection view, I think are the four words that the Burns statute or the Burns case used. And so when you look at what the Court says, yes, if Mr. Cotoun and Ms. Sanjian are tugging money back and forth, even if that's just in play, even if that's part of a show that's bank robbery, that can't be the case, based on what would be required if this were an intimidation case and based on what this very Court has said. This isn't an intimidation case. No, but based on what this – but when you look at what does intimidation mean. I'm just having a lot of trouble seeing this as an intimidation case, and so I'm having trouble tracking why the intimidation rules that you're talking about cover the force and violence part of the statute. You're absolutely right, Your Honor. This is not an intimidation case. It is a force and violence case. But when you look at how intimidation – the reason that I'm citing intimidation cases is that they give meaning to what force and violence has to achieve. Where does it say that? Where does it say that? It doesn't – you mean what case says we look at intimidation to look at – to see what force and violence says? Nothing, Your Honor. It will be up to this wonderful Court to be the first. And I – You're the first person to call us wonderful in many years. Well, all the more reason, then, to decide in favor of Mr. Cotoun, right? But the reason that intimidation is applicable here is that it's the same bank robbery statute. It says take from a person or a presence by force and violence or by intimidation, right? And so when you look at what kind of – what qualifies as intimidation, it gives you a hint as what qualifies as force and violence. What links intimidation and taking is the same thing that links force and violence and taking. I don't know how that helps you. The jury asked about whether it was force and violence. And they were instructed, presumably, what that means. And they find it was force and violence. You can have force and violence, even as you define it, not just tugging. You can have force and violence against a co-conspirator. I'm sorry, Your Honor, I didn't hear the last part of your question. You can have force and violence or force or violence against a co-conspirator. Somebody – Right. There's a falling out. There's a – she changes her mind in the middle, right? So – Right. So it's possible. So they asked if there's force and violence in this person, a co-conspirator, is it still a robbery? And the Court said yes. If the – well, the Court did say yes. But what the Court said was if you find beyond – well, I won't read it to you. You know what it is. But if the co-conspirator has backed out of the conspiracy, then that's not a co-conspirator any longer at that moment. That's why it has to be an ordinary person, which is what the bank robbery statute envisions, as Judge Schrapp pointed out, in the – you know, who is not a member of the conspiracy. Because if it's – You don't stop being a member of the conspiracy because you change your mind in the middle. No, Your Honor. Are you still criminally liable for it? No. You continue to be a co-conspirator even though you've changed your mind. All right. Then not acting on – It takes a lot more to withdraw than that. Right. No, you're right, Your Honor. I shouldn't even step into that mess. Then let's say not acting on behalf of the conspiracy at that moment. An ordinary person who's not acting on behalf of the conspiracy. Because if an ordinary person is acting on behalf of the conspiracy, then the taking is not accomplished by fear. I'm sorry, Your Honor? You didn't ask somebody acting on behalf of the conspiracy. They asked about the co-conspirator. Right. But they asked as a categorical question, does that meet the requirements of bank robbery? And the answer is, as a categorical matter, no, it doesn't meet the requirements of bank robbery. You say that, but I don't see where that's true. Well, the reason it's true, Your Honor, is that the essence of bank robbery is that there's fear involved. You – Or apparent fear. I'm sorry, Your Honor? Or apparent fear. I don't see why apparent fear would do it, Your Honor, when you look at – But if you use force and violence, there is fear involved. Not necessarily, Your Honor. For example, let's suppose Ms. Sanjian is part of the plan here. Mr. Cotoun is tugging the bag from her, but is she afraid? Not if she's part of the plan. It's all part of the plan. It's a reality TV show. Or it's a reality – well, I don't – But then it wouldn't be force and violence. No surveillance photos. I'm sorry? Then it wouldn't be force and violence. No, it would still be physical force, as the government argued in its closing. I'm sorry, not Ms. Cho, her co-counsel. It would still be physical force. Tugging the bag would count as the physical force. The violence involved in taking the bag physically from her when she is pulling it back because it's part of the show is physical force. I'm sorry. That was exactly the government's argument in its closing. That was exactly the theory – that was exactly the theory of the case it used. Now, I think you're basically – I'm sorry? Then the objection should be to their argument. To their argument – Well, their argument was permitted under, you know, the instructions that the court gave, which came to a head with this question, does this meet the requirements of bank robbery? The court says, yes, it does meet the requirements categorically. If you have force and violence. If you have force – If you're saying that they argued something that's force and violence that's not, you know, fake force and violence, maybe you have an objection there, or you have an argument there, but I don't see an objection to that. I don't see any argument here. I don't – I think, Your Honor – If there is real force and violence, it doesn't matter whether the person is conspiring. If there is real force and real violence, not fake, then it doesn't matter whether the person is a conspirator or not. It does, Your – I mean, I would – I would submit that it does, Your Honor, because the essence of bank robbery is that it's fear. The essence of bank robbery is that if you were not overcome by fear – If there's real force and violence, real force and violence, not fake force and violence, then it doesn't matter whether the person is a conspirator. Completely agree, Your Honor, and that's why the court's instruction was wrong. Your problem – your problem, if you have a problem, is with some argument that force and violence includes fake force and violence, which you didn't object to. But – but which the court reinforced in its – in its answer here to question 3. I don't see it. If you find – I don't see it. Yeah. If you find that the – that defendant took the money from a person who was resisting the taking, even if it was for show, and that the defendant took the money by force Even if that was expected, the crime of robbery is committed even if – Did you read verbatim? I did not, Your Honor. Those were some interpolations, obviously. Yeah. A few – a few – even if it was for show? Yeah. No, that was my interlineation. I thought so. Yeah. Yeah. But you can't do that. No, Your Honor, but that's what the court's – Excuse me. If you wait until I ask the question. Sorry. Then I'll be able to understand. Sorry, Your Honor. I apologize. The judge didn't say even if it's for show. No. The judge did not say even if it's for show, but the instruction permitted that construction even if it's for show. And that's why the court's – I don't see it at all. Resisting is resisting. A – I don't see, just like violence is violence and force is force, that somebody might come along and say, oh, well, you know, if you're resisting as a show, it's still resisting, then you have some argument that that instruction or that argument, that is too broad. But the court doesn't say that. The court says resistance. The court says force. The court says violence. I don't see anything wrong with it. I – I'm sorry, Your Honor, but I think that the essence of bank robbery has to be that there's fear involved, which is what makes the force and violence or the resistance real force and violence and real resistance. And that's where the problem is. But nothing here on the face of this instruction suggests that it includes false or fake or bogus resistance or bogus force or bogus violence. But nothing on this – on the face of this instruction, it excludes bogus force, bogus resistance or bogus violence. It doesn't exclude any number of things. There's no reason to exclude it. I mean, it is correctly stated. I don't see where they have – where it has to go and explain what it excludes. But the reason that it has to explain or it had to be better phrased to make sure that it excluded bogus – Did you proffer a different instruction? There were – yes. The defense did proffer a different instruction. Would the Court like to know what that was? But don't interpolate if you're going to read it. Right-o, Your Honor. The defense. A co-conspirator can't be a victim of bank robbery. If Z was a co-conspirator, there was no bank robbery and she's not a victim of bank robbery. But if you find she wasn't a co-conspirator to the taking, you have to decide whether force and violence was used that was enough to overcome her resistance. I mean, that might be a slightly – It's just wrong. I'm not – I'm not arguing that the Court should have given that instruction, but I'm arguing that the – If you don't proffer a correct instruction that solves your problem, you haven't got anything. It's not – you know, this instruction is perfectly right. You say, well, it could have been better by saying even if it's – you know, it excludes fake resisting. It excludes fake force and fake violence. But you don't say, hey, add that qualifier. You offer something else completely. That's wrong. No, that was what the defense offered below. What I would – I mean you. I mean – Yeah. Right. The defense. Right. I'm not saying that that was a perfect instruction either, and you'll notice it's nowhere in my brief. But the instruction that the Court did give, I would argue, should have been something more like this. In the case of force and violence – Too late now. I'm sorry? It's too late now. The time to have proffered something better would have been at the time before the Court gave it and said, you know, here, you ought to give this. Let me show you how you can qualify it to make it clear. Sure, Your Honor. But, of course, we're on appeal now, and that doesn't mean that everything is absolutely insulated, right, just because there wasn't a better instruction proffered below. There was certainly an objection to this instruction. If this one was wrong, then you have an argument. But this one doesn't seem wrong. I mean, you might have made it better for your client by proffering something else. I'm not sure it would have been wrong to reject it, but at least you could have had an argument. But making it up now, it strikes me as too late. Anyway, your time is up. Right. I see it is. Thank you, Your Honor. May I proceed? Is there anything you heard this morning that you think isn't adequately covered in your brief? Well, Your Honor, I did just want to note, and let me begin by saying may it please the Court, Jennifer Cho on behalf of the United States. Are you going to answer my question? Yes. So the stuff is not adequately covered in your brief? Just one thing, Your Honor, which is that in the context of the discussion regarding how to respond to the jury's question about co-conspirators' force and violence between co-conspirators, as was presented in the GER and the ER, the discussion between the parties in the Court did extensively consider the District Court's assumption that the phrase force and violence necessarily meant that there was resistance, as Judge Kaczynski said, that resisting is resisting, that force is force. And the District Court clearly said, I don't see anything in this question that implies that the jury thinks that there's play acting. And in that sense, the response under that interpretation is not wholly incorrect. At any rate, I did want to say that this Court did not resolve even that question because the case could be considered an intimidation case because it's undisputed that in making his exit from the bank, the defendant did run right at another bank employee, Lilia Arteaga, who was right in his path in that back hallway, and she testified and it was not challenged or disputed. So now you're asking us to decide this on the intimidation prong of bank robbery? No, Your Honor. On the harmless error part of whether or not, if even if the response by the District Court was error, whether or not that error was harmless. And I submit that it was harmless because separate and apart from what happened with Ms. Sangin and the tugging of the bag. Are you conceding error, then? I'm sorry, Your Honor? Are you conceding error? Are you conceding error? I am not conceding error, Your Honor. There's a trap by the appellate argument. It's called snatching defeat from the jaws of victory. From the jaws of victory. Well, Your Honor, I just You seem to be good. Working on that. Your Honor. Let me ask you a different question. Sure. I think from listening to defense counsel, I assume you would, that everyone agrees this is an objective inquiry? The question is de novo whether or not the law that's stated in a jury No, no, I'm sorry. It's an objective inquiry as to fear, intimidation. Oh, yes, Your Honor. And so the reasonable person is whom? A reasonable person generally? A reasonable co-conspirator? What? It is a reasonable person generally. So how do we deal with that in your view in the context of co-conspirators? Let's presume she is a co-conspirator, that it's undisputed. It would depend on the context of the entire situation. If these two were the only two people in the bank and you had a fully involved co-conspirator and say that they really were play acting, that they had agreed ahead of time to really let the robber beat up the insider for the benefit of the security cameras, for example, it may be that there was unconsensual, excuse me, consensual and voluntary force and violence, in which case it may not necessarily have been that she was resisting. And that was the defense theory? Correct. So the defense didn't get to present this theory to the jury, given the jury instruction? The defense did get to argue that. Assuming that's a correct theory, it's a viable theory. The defense did get to argue to the jury that if they found, as the defense was arguing, that Ms. Angin was a co-conspirator, that she was not resisting, that she was not actually resisting. Right. And in light of that, the district court's interpretation of resisting as actual and not play acting would then correctly instruct the jury that if they found that she was actually resisting, then she was not play acting, and that, therefore, he took the bag from her using force to overcome her actual resistance, a non-play acting resistance. But just to finish my point, which is that, separated apart from that, there is no dispute that Ms. Arteaga did fear imminent bodily harm when she saw the defendant running straight at her, and that she jumped out of his way to allow him to run out of the back door because she was feeling what is exactly defined as intimidation. And unless the Court has any other questions, I will submit on that. Okay. Thank you. Case argued and submitted. We're adjourned. All rise. This court is adjourned.
judges: Kozinski, Trott, Thomas